## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                              )<br>                          **Plaintiff,**          )<br>                                                              )<br>**v.**                                                      )<br>                                                              )<br>WADE JOHNSTON,                          )<br>                                                              )<br>                          **Defendant.**          )<br>_____) | **CRIMINAL ACTION**<br><br>**No. 08-20079-07-KHV** |

### MEMORANDUM AND ORDER

On July 16, 2008, a grand jury returned an indictment which charged defendant Wade Johnston with conspiracy to possess and distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 846, conspiracy to launder money of and money laundering in violation of 18 U.S.C. § 1956. See Indictment (Doc. # 38). On August 4, 2008, after a detention hearing, Magistrate Judge James P. O'Hara ordered that defendant be detained pending trial pursuant to 18 U.S.C. §§ 3142 (e) & (f). See Detention Order (Doc. # 69). This matter is before the court on the defendant's Motion for Review of Detention Order (Doc. # 71) filed August 26, 2008. On September 12, 2008, the Court held a hearing on defendant's motion. For reasons stated below, the Court finds that defendant should be detained pending trial.

### Standard of Review

A defendant may seek review of a magistrate judge's order of detention. See 18 U.S.C. § 3145(b). The district court reviews *de novo* a magistrate judge's detention order. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own *de novo* determination of the facts and legal conclusion with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d

at 1251.  A *de novo* evidentiary hearing, however, is not required.  See id.  The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted.  United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991).  The Federal Rules of Evidence do not apply to detention hearings.  See 18 U.S.C. § 3142(f).  The Court may allow the parties to present information by proffer or it may insist on direct testimony.  See id.  The Court also may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there.  Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

### Standards For Detention

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  The government must prove risk of flight by a preponderance of the evidence.  United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003).  The government must prove dangerousness to any other person or the community by clear and convincing evidence.  Id.; see 18 U.S.C. § 3142(f). The Bail Reform Act provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) ("upon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's

appearance and the safety of the community"). A grand jury indictment provides the probable cause required by the statute to trigger the presumption. United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990). Once the presumption is invoked, the burden of production shifts to defendant. Defendant's burden of production to overcome the presumption is not a heavy one, but defendant must produce some evidence that he is not dangerous or is not likely to flee if released on bail. See Unites States v. Martinez, 1999 WL 1268376, at 3 (quoting Quartermaine, 913 F.2d at 916); United States v. Miller, 625 F. Supp. 513, 519 (D. Kan. 1985) (burden of production on defendant is "to offer some credible evidence contrary to the statutory presumption"). Even if defendant overcomes the presumption, it remains a factor in the Court's detention decision. See United States v. Johnson, 123 Fed. Appx. 377, 379 (10th Cir. 2005); United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989). Ultimately, the burden of persuasion is always on the government. Id.

In determining whether conditions of release exist that will reasonably assure the appearance of defendant and the safety of other persons and the community, the district court must take into account the available information concerning—

(1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . .;
(2)    the weight of the evidence against the person;
(3)    the history and characteristics of the person, including –
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered

-3-

as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

### Analysis

**I.        Nature And Circumstances of The Offense**

Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. As noted above, the statute provides a presumption of detention in such cases. See 18 U.S.C. §§ 3142(e), 3142(g)(4).

**II.        Weight of the Evidence**

The weight of the evidence against defendant is strong. On July 16, 2008, a grand jury indicted defendant on three felony counts which are all punishable by a maximum term of imprisonment of more than ten years. While defense counsel argues that "a large amount" of the evidence with regard to the money laundering charges is stale, defendant offers no evidence to rebut the conspiracy charges relating to possession and intent to distribute methamphetamine. See Motion for Review of Detention Order (Doc # 71).  Because the grand jury indictment charges defendant with an offense under Section 846 (possession with intent to distribute over 50 grams of methamphetamine), which carries a maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act, it raises the rebuttable presumptions of risk of flight and danger to the community. See Martinez, 1999 WL 1268376, at 3.

In addition, while defendant argues that he has committed no crime of violence, this issue is only partially determinative. Defendant did not offer evidence that he is innocent of the charges which are punishable by more than ten years, or that he poses no threat of continued drug trafficking

activities.

**III.     History and Characteristics of the Defendant**

Defendant is 31 years old and has never married. He lived with his girlfriend, Lisa Bishop, for approximately eight years prior to his arrest.  Ms. Bishop is currently unemployed and has two prior arrests, one for possession methamphetamine. Defendant has two children and one stepson. Authorities recently arrested defendant's 14-year-old daughter after discovering that she was in possession of methamphetamine at school. As a result of this arrest, defendant's daughter spent time in foster care.  Defendant's brother, Frank Rushe, testified that he is willing to provide living arrangements for defendant if he is released pending trial, but Mr. Rushe was not aware of defendant's prior drug convictions or any illicit activity related to the current charges against defendant.

Defendant has an extensive criminal record. As a juvenile, defendant was charged with possession of marijuana and hallucinogenic drugs, burglary, theft, criminal damage to property, assault, battery and disorderly conduct. As an adult, defendant was charged with possession of marijuana, possession of depressants, sale of opiates, sale of depressants and endangering a child. Defendant was also charged with myriad vehicular offenses, including driving with a suspended license and driving while a habitual violator.  In addition, defendant failed to appear in court on three occasions in 1996, 2001, and 2004.

Following his arrest, defendant gave arresting officers an alias. See Detention Order (Doc# 69) at 3. In addition, the magistrate judge noted "substantial doubt about whether defendant was truthful to Pretrial Services about his true income from legitimate employment." Id. The record contains evidence that a co-defendant notified defendant of his imminent arrest and that defendant

sought to elude arrest. Id. Defendant was in possession of a large amount of cash at the time of his arrest, suggesting that he engaged in fairly large-scale drug trafficking. Id. Defendant's behavior at the time of arrest, combined with the charges levied against him, establish a rebuttable presumption that he presents a risk of flight which defendant has not overcome with rebuttal evidence.

Defendant's past behavior suggests that he would present a high risk of flight if the Court were to release him on bond. As noted, defendant has failed to appear in court on three occasions. See Johnson, 123 Fed. Appx. at 379. (affirming decision that defendant was flight risk because he failed to appear four times in three other court proceedings). These incidents range from four to 12 years ago, but they nevertheless suggest that defendant would be a flight risk. In light of defendant's history and characteristics, the Court finds that defendant would present a high risk of flight.

## IV.    Danger to the Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any person or to the community. See 18 U.S.C. § 3142(b). Although the detention order does not demonstrate that the defendant would pose a risk of physical danger to the community, the high risk that defendant will commit additional crimes involving drug trafficking is sufficient to detain him. See United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to the community). In addition, defendant's prior charges of endangering a child also demonstrate risk of danger to children residing in his home.

Based on his prior conduct, the Court cannot predict that defendant would abandon his criminal activities if released pending trial.

## V.    Conclusion

-6-

Based upon the evidence in the pre-hearing record and the evidence proffered at the hearing, the Court concludes that no set of conditions of release will assure defendant's pretrial presence as required and/or protect the community from the danger of additional crimes.  The government has carried its burden of proving that pretrial detention is warranted.

**IT IS THEREFORE ORDERED** that defendant's Motion For Review Of Detention Order (Doc. #8) filed August 26, 2008 be and hereby is **OVERRULED**.  Defendant shall remain detained pending trial.

Dated this 22nd day of September, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge